UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **HERON THERAPEUTICS, INC.,** | : | Civil Action No. 24-423 (JKS) (MAH) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| **SLAYBACK PHARMA LLC and** | : | |
| **SLAYBACK PHARMA INDIA LLP,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## I.  INTRODUCTION

This matter comes before the Court on the motion of Defendants Slayback Pharma LLC and Slayback Pharma India LLP (collectively, "Defendants") to transfer venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).  *See generally* Mot. to Transfer, D.E. 17.  The Undersigned has considered the parties' submissions, and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided this motion without oral argument.  For the reasons set forth below, Defendants' motion to transfer this matter to the United States District Court for the District of Delaware is **granted**.

## II.  BACKGROUND

Plaintiff Heron Therapeutics, Inc. ("Plaintiff") is a Delaware Corporation with its principal place of business in San Diego, California.  Compl., D.E. 1, at ¶ 1; Ex. 7 to Miller Decl., Heron Therapeutics Form 10-K, D.E. 17-9.  Defendant Slayback Pharma LLC is a Delaware Limited Liability Company with its headquarters in Princeton, New Jersey.  Answer, D.E. 31, at ¶ 9. Defendant Slayback Pharma India LLP is a Limited Liability Partnership headquartered in Telangana, India and is a subsidiary of Slayback Pharma LLC.  *Id.* at ¶¶ 3-6; Corp. Disclosure

Statement of Defs., D.E. 16. Slayback Pharma LLC and Slayback Pharma India LLP are subsidiaries of Azurity Pharmaceuticals, which maintains its principal place of business in Woburn, Massachusetts. *See* Answer, D.E. 31, at ¶ 9; *see also* Ex. 9 to Ast-Gmoser Decl., Slayback NDA Location Amendment, D.E. 48, at 2 (describing change of address from Slayback Pharma LLC to parent company Azurity Pharmaceuticals).

On January 24, 2024, Plaintiff initiated this matter by filing a Complaint against Defendants alleging infringement of United States Patent Nos. 9,561,229; 9,808,465; 9,974,742; 9,974,793; 9,974,794; 10,500,208; 10,624,850; 10,953,018; 11,173,118; and 11,744,800 ("patents-in-suit"). *See* Compl., D.E. 1, at ¶ 7. Among other things, Plaintiff seeks (1) a declaratory judgment decreeing that Slayback has infringed the patents-in-suit; and (2) a permanent injunction restraining Slayback from manufacturing and selling the infringing product. Compl., D.E. 1, at page 22.

On April 18, 2024, Defendants filed the instant motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *See generally* Mot. to Transfer, D.E. 17. Defendants seek to transfer this case to the United States District Court for the District of Delaware, where Plaintiff has four other actions filed against different defendants, all relating to the patents-in-suit.[1] Defs.' Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 2. Plaintiff has opposed the motion. *See generally* Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39. On June 6, 2024, Defendants filed a reply brief in support of their motion to transfer venue. Defs.' Reply Br. in Supp. of Mot. to Transfer, D.E. 46. Plaintiff sought

---

[1] Those cases include *Heron Therapeutics, Inc. v. Fresenius Kabi USA, LLC*, Civ. No. 22-985, and *Heron Therapeutics, Inc. v. Mylan Pharmaceuticals, Inc.*, Civ. No. 23-1015, the latter of which consists of two consolidated actions. Declaration of Andrew Miller, Exs. 1-2, D.E. 17-3 to 17-4 (docket reports). According to the docket reports, the District Court in Delaware has already conducted a Markman hearing in the *Fresenius Kabi* matter and issued an Order addressing claim construction. *Id.* Ex. 1.

leave of the Court and filed a sur-reply on June 14, 2024. Pl. Sur-Reply, D.E. 51. On June 17, 2024, Defendants filed partial opposition to Plaintiff's sur-reply.[2] Defs.' Opp'n to Pl. Sur-Reply, D.E. 52.

### III.  DISCUSSION

#### A.  28 U.S.C. § 1404(a)

The Court has the discretion to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented" under § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Once Plaintiff has laid a proper venue, Defendants, as the parties seeking transfer, bear the burden of establishing transfer is appropriate and warranted. *Id.*

Before the Court can consider Defendants' motion to transfer under § 1404(a), it must first satisfy itself that the District of Delaware is a proper venue. In patent-infringement cases, 28 U.S.C. § 1391 and 28 U.S.C. § 1400 determine proper venue. *LG Elecs. Inc. v. First Int'l Comput.*, 138 F. Supp. 2d 574, 587 (D.N.J. 2001). Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2]  The Court has considered all papers filed, including Plaintiff's sur-reply and Defendants' partial opposition, in reaching its decision. The Court has given each document appropriate weight in evaluating the factors for transfer.

28 U.S.C. § 1391(b). Under § 1400(b), a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Section 1391(c)(2) defines residency for venue purposes. It provides that:

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business.

28 U.S.C. § 1391(c)(2).

### i. Venue is Proper in the Transferee District

Both Plaintiff and Defendant Slayback Pharma LLC are organized under the laws of the State of Delaware. Compl., D.E. 1, at ¶¶ 1-2; Answer, D.E. 31, at ¶ 2. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(b), because Defendant Slayback Pharma LLC resides in that District.[3] *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017) (finding that "a domestic corporation resides only in its [s]tate of incorporation for purposes of" venue).

---

[3] As concerns Slayback Pharma India LLP, venue is proper in the District of Delaware. That is because under § 1391(c)(3), "a defendant not resident in the United States may be sued in any district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." *See Grynberg v. Goldman Sachs Grp., Inc.*, No. 12-3525, 2013 WL 1192585, at *2 n.3 (D.N.J. Mar. 22, 2013) ("[A] foreign defendant, can be sued in any judicial district, and the 'joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.' 28 U.S.C. § 1391(c)(3). As such, here, the Court will disregard the residency of [the foreign defendant] in determining whether venue is proper in New Jersey.").

### ii. Section 1404(a) Factors

Having determined that venue is proper in the District of Delaware, the Court must analyze whether the private interest factors and public interest factors set forth in *Jumara*, 55 F.3d at 879, support transfer of venue. The private interest factors include: (i) plaintiff's choice of forum; (ii) defendant's preference; (iii) where the claim arose; (iv) the parties' convenience as indicated by their relative physical and financial condition; (v) the convenience of witnesses; and (vi) the location of books and records. *Id.* As the parties seeking transfer, it is Defendants' burden to demonstrate that those factors weigh in favor of transfer. *Id.*

"In the Third Circuit, a plaintiff's choice of forum is a 'paramount concern' in deciding a motion to transfer venue." *Wm. H. McGee & Co., Inc. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 289 (D.N.J. 1997). Courts generally "assign the plaintiff's choice of forum significant weight." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) (citation omitted). "The choice is 'entitled to greater deference'" where, "a plaintiff chooses its home forum." *Wm. H. McGee*, 6 F. Supp. 2d at 289 (quoting *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993)).

In certain circumstances, however, a plaintiff's choice of forum is accorded less weight. *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998). The deference may be reduced, for example, "where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit," or where the plaintiff has engaged in forum shopping. *Id.*; *see, e.g., Yang v. Odom*, 409 F. Supp. 2d 599, 606 (D.N.J. 2006) (giving plaintiffs' forum preference less weight because they "only pursued their case [in this District] after their options in Georgia effectively ran out").

Defendants argue that Plaintiff's forum choice is entitled to less weight because Plaintiff has no physical presence in New Jersey, and is engaging in forum shopping. Defs.' Br. in Supp.

5

of Mot. to Transfer, D.E. 17-1, at 11.  Plaintiff, on the other hand, asserts that Defendant Slayback Pharma LLC markets, sells, and distributes pharmaceutical products from New Jersey, prepared and submitted its New Drug Application (NDA) and a certification from New Jersey, and sent correspondence to Plaintiff from New Jersey.  Compl., D.E. 1, at ¶¶ 12-15.

The Court finds that little deference is owed to the Plaintiff's decision to litigate in the District of New Jersey.  Plaintiff is located in California and is incorporated in Delaware, and therefore maintains no residency nor physical presence in New Jersey.  Compl., D.E. 1, at ¶ 1; Ex. 6 to Miller Decl., Heron Therapeutics Contact Us Page, D.E. 17-8; Ex. 7 to Miller Decl., Heron Therapeutics Form 10-K, D.E. 17-9.  Although Defendant Slayback LLC acknowledges that it sent a notice letter to Plaintiff from New Jersey, the recent acquisition by Azurity Pharmaceuticals now substantially limits Defendant Slayback Pharma LLC's presence in New Jersey.  Ex. 8 to Ast-Gmoser Decl., Sept. 27, 2023 Slayback Acquisition Press Release, D.E. 47-1.  Indeed, going forward, business decisions will likely be directed from Massachusetts, not New Jersey, because of this acquisition.  Therefore, it seems apparent that if FDA approval is granted, the operative facts moving forward would occur primarily in Massachusetts or India, thereby removing any ostensible connection between New Jersey and the operative facts.

Additionally, this Court must consider Defendants' concerns regarding forum shopping.  "Forum shopping is '[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard.'"  *Smith v. City of Plainfield*, No. 15-7258, 2016 WL 4402812, at *4 (D.N.J. Aug. 15, 2016) (alteration in original) (quoting Black's Law Dictionary (8th ed. 2004)).  Defendants contend that Plaintiff's choice of forum was chosen as a "preemptive move against consolidation" with the other cases Plaintiff is concurrently litigating in Delaware.  Exs. 1-4 to Miller Decl., Dist. of Del. Docket Reports, D.E. 17.

Plaintiff argues that Plaintiff's other lawsuits include defendants that are not located in New Jersey.  Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 7.  Additionally, Plaintiff argues the other cases are much closer to trial than the present case, and, even if this case was transferred to Delaware, it would not be consolidated with either of the other cases, which are both currently assigned to Judge Bryson in the District of Delaware.  *Id.* at 7-8; Defs.' Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 8.  Regarding the two defendants involved in the Delaware cases, one is a Delaware corporation with its headquarters in Illinois, and the other is both incorporated and headquartered in West Virginia.  Defs.' Reply Brief, D.E. 46, at 6.

The Court does not agree with Plaintiff's position.  The Delaware litigation concerns the same patents.  In fact, Plaintiff indicated that the Delaware cases are related when it filed the Complaint in this matter.  Civil Cover Sheet, D.E. 1-1.  In the *Fresenius Kabi* matter, the Court in has already conducted a Markman hearing and issued a claim construction order. Further, summary judgment and *Daubert* motion practice is currently proceeding in that matter.  Clearly then, that Court is already well familiar with the products at issue and the patents in suit.  And although Defendant Slayback Pharma LLC has a principal place of business in Princeton, New Jersey, much of its business operation has moved to Massachusetts as a result of the above-described acquisition by Azurity Pharmaceuticals.  Answer, D.E. 31, at ¶ 9; *see also* Ex. 8 to Ast-Gmoser Decl., Sept. 27, 2023 Slayback Acquisition Press Release, D.E. 47-1; Ex. 9 to Ast-Gmoser Decl., Slayback NDA Location Amendment, D.E. 48.  Nonetheless, Plaintiff has chosen to bring this claim in New Jersey, not Delaware, despite the relatedness of the cases.  Accordingly, this factor does not favor maintaining this action in the District of New Jersey.

The next private interest factor is Defendants' preference.  *Jumara*, 55 F.3d at 879.  By filing the instant motion to transfer, Defendants have signaled they would rather litigate in the

7

District of Delaware.  Mot. to Transfer, D.E. 17.  Accordingly, this factor weighs in favor of transfer.  *McNulty v. J.H. Miles & Co., Inc.*, 913 F. Supp. 2d 112, 117 (D.N.J. 2012).

The third factor--where the claims arose--requires the Court to consider "where the majority part of events and omissions from which [Plaintiff's] claim arise, took place." *Snack Joint LLC v. OCM Grp. USA*, No. 21-818, 2021 WL 4077583, at *8 (D.N.J. Sept. 8, 2021) (first alteration in original) (citation omitted); *see also Tang v. Eastman Kodak Co.*, No. 20-10462, 2021 WL 2155057, at *6 n.8 (D.N.J. May 27, 2021) (explaining, "under § 1404(a), courts must select 'the most appropriate venue'").  Plaintiff argues the District of New Jersey is the most appropriate venue because Slayback Pharma LLC's principal place of business was in New Jersey, Slayback Pharma LLC communicated with the FDA from New Jersey in filing its New Drug Application (NDA), and Slayback Pharma LLC sent its alleged infringing letter from New Jersey.  Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 8.  Defendants counter New Jersey is an improper venue because they developed and manufactured the allegedly infringing product occurred in India.  Defs.' Reply Brief, D.E. 46, at 2.

The Court agrees with Plaintiff's position.  Although it is difficult to assess at this stage whether the majority of events giving rise to the claim occurred in New Jersey, at least some did.  By contrast, the record does not indicate that any such acts occurred in Delaware.  For example, although Defendants deny the allegation that the patent application was filed in New Jersey, the original patent application address is listed as New Jersey.  Answer, D.E. 31, at ¶ 9; Ex. 9 to Ast-Gmoser Decl., Slayback NDA Location Amendment, D.E. 48, at 2.  Accordingly, at least some of the events occurred in New Jersey, while none occurred in Delaware.  Thus, this factor weighs against transfer to the District of Delaware.

The fourth factor—the parties' convenience as indicated by their relative physical and financial condition—is neutral. Plaintiff contends New Jersey is the appropriate venue because Defendant Slayback Pharma LLC is headquartered and has its principal place of business in New Jersey. Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 9. However, Defendants counter that due to its recent acquisition, Defendant Slayback Pharma LLC now only has a limited presence in New Jersey, and therefore a venue in the state affords it little convenience. *See* Defs.' Reply Br., D.E. 46, at 14. According to Defendants, this is because the majority of its physical presence is now located in Massachusetts, and Slayback Pharma India LLP is located in India. *See* Defs.' Reply Br., D.E. 46, at 14.

This factor does not weigh in either parties' favor. Plaintiff will have to travel from California, and Delaware is adjacent to New Jersey, so there is no difference in convenience for Plaintiff in either venue. Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 12. Additionally, Plaintiff is a Delaware Corporation, thus it should reasonably anticipate litigation in Delaware. Compl., D.E. 1, at ¶ 1. *See Eagle Pharms., Inc. v. Eli Lilly & Co.*, No. 17-6415, 2018 WL 3492145, at *7 (D.N.J. July 20, 2018) (stating that Plaintiff who is incorporated in Delaware "must anticipate litigating there."). Defendant Slayback Pharma LLC is located in New Jersey but, as discussed above, recently moved its central operations to Massachusetts. *See* Defs.' Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 3. Because no party would suffer any material difference in financial condition by litigating in Delaware as opposed to New Jersey, and since neither is primarily located in either forum, this factor is neutral.

The fifth factor—the witnesses' convenience—is also neutral. Discovery has not yet occurred, and the parties have not identified witnesses who would testify at trial. Plaintiff asserts that Defendants have witnesses in New Jersey. Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at

9

10. However, Defendants represent that they will seek testimony of Slayback employees with technical knowledge of the allegedly infringing product, and that those individuals are primarily located in India. Defs.' Reply Br., D.E. 46, at 11. Because it appears a majority of the witnesses are not located in either New Jersey or Delaware, this factor is neutral.

The Court finds the sixth factor, the location of the books and records, also to be neutral. Plaintiff claims the relevant books and records are likely located in Slayback's New Jersey location. Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 10. Defendants contend that a majority of the relevant documents are located in India. Defs.' Reply Br., D.E. 46, at 11. Defendants also argue that the relevant documents for the case can be produced "in either jurisdiction in this era of e-discovery." Defs.' Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 13. However, "[w]hile advances in technology may alter the weight given to [this factor], it is improper to ignore [this factor] entirely." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011). Here, any other relevant documents are likely in Massachusetts, where the new parent corporation is located. *See* Ex. 9 to Ast-Gmoser Decl., Slayback NDA Location Amendment, D.E. 48, at 2. Since relevant documents are not likely to be found in New Jersey or Delaware, this factor is neutral.

At bottom, the private interest factors collectively weigh in favor of transferring this matter to the District of Delaware. Although one factor weighs against transfer and some factors are neutral, there are a few key reasons why transfer is appropriate. First, as noted above, Plaintiff's choice of forum does not merit significant weight. While Plaintiff noted the related Delaware actions on the Civil Cover Sheet, it nonetheless chose to file this action here. Civil Cover Sheet, D.E. 1-1. Moreover, the patents-in-suit in this matter are the same as those at issue in the Delaware cases. And it is apparent that Judge Bryson has been presiding over the related Delaware actions

concerning the patents-in-suit for several years. *See, e.g.,* Miller Decl. Exs 1-2, D.E. 17-3 to 17-4. Given the advanced stage of the proceedings in the *Fresenius Kabi* matter and that the *Mylan* action is well underway, it would be far more efficient for the District of Delaware to handle this matter. Moreover, both Plaintiff and Defendant Slayback Pharma LLC are organized under the laws of the State of Delaware, and thus there would be no harm to either party if they were to litigate in Delaware. Compl., D.E. 1, at ¶¶ 1-2; Answer, D.E. 31, at ¶ 2. For these reasons, the balance of the private factors tips in favor of transfer.

Having determined that the private interest factors overall favor transferring this matter, the Court next analyzes the public interest factors, which are:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted). When evaluating the public interest factors "the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (internal quotation and citations omitted).

The parties agree that the first public interest factor, enforceability of the judgment, is neutral. Defs.' Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 10; Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 10.

The second public interest factor, practical considerations, weighs significantly in favor of transfer. The pendency of related or similar cases "in another forum is a powerful reason to grant a motion for a change of venue." *Eagle View Techs., Inc. v. GAF Materials, LLC*, 594 F. Supp.

11

3d 613, 623 (D.N.J. 2022) (citations omitted). "[T]ransfer allows for pretrial discovery to be conducted more efficiently, saves witnesses' time and money . . . avoids duplicative litigation, thereby eliminating unnecessary expense to the parties, and at the same time serves the public interest and avoids inconsistent results." *Id.* Additionally, this factor weighs in favor of transfer when the earliest-filed related case was filed in a different forum. *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1331 (Fed. Cir. 2011). Here, even if consolidation is inappropriate, "a court's familiarity with related patents and facts from prior litigation[s]" is enough to warrant a transfer. *Vanda Pharms. Inc. v. Teva Pharms. USA, Inc.*, No. 22-7528, 2023 WL 1883357, at *6 (D.N.J. Feb. 10, 2023) (citations omitted). While Plaintiff's cases in the District of Delaware are procedurally more advanced and involve different defendants and witnesses, they involve the same patents as the patents-in-suit here. Indeed, Plaintiff even marked the cases as related when filing its Complaint here. Additionally, Judge Bryson already has familiarity with the patents-in-suit. Thus, practical considerations weigh in favor of transferring this matter to the District of Delaware.

The third public interest factor, court congestion, is neutral. Comparing the court congestion of the two fora, the numbers are roughly comparable, as it takes on average thirty-one months to go to trial in the District of Delaware, with a maximum of seventy-eight months, while it takes on average thirty-two months to go to trial in the District of New Jersey, with a maximum of sixty-nine months. Ex. 5 to Miller Decl., Time to Trial Statistics, D.E. 17-7, at 2-3. However, the District of New Jersey currently has a significant "case load and one of the largest total number of filings recorded in the country." *Groeneveld v. Verb Technology Co., Inc.*, No. 23-3766, 2024 WL 1253296, at *5 (D.N.J. Mar. 25, 2024) (internal quotation and citations omitted). Because there does not appear to be a significant difference in court congestion between the two fora, this

factor is neutral. To the extent there is a distinguishing consideration, it is that Judge Bryson in the District of Delaware has already gained detailed knowledge regarding the patents-in-suit.

The fourth public interest factor, local interest, is neutral. Patent infringement cases "are matters of national concern," and are not typically of local concern. *Eagle View Techs., Inc.*, 594 F. Supp. 3d at 625 (citation omitted). However, "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor will weigh in favor of having that dispute decided in that venue." *Id.* (internal quotation and citation omitted). This factor is connected to the private interest factor of where the claim arose. *LG Elecs. Inc. v. First Int'l Comput.*, 138 F. Supp. 2d 574, 592 (D.N.J. 2001). As described above, although certain underlying events might have occurred in New Jersey, this state has at best a tenuous relationship with this matter. Indeed, Defendant has been acquired by Azurity Pharmaceuticals, moving much of Slayback's operation to Massachusetts. Additionally, both Plaintiff and Defendant Slayback Pharma LLC are organized under the laws of the State of Delaware. Compl., D.E. 1, at ¶¶ 1-2; Answer, D.E. 31, at ¶ 2. As it stands now, there is little local interest in adjudicating this matter here. Accordingly, New Jersey lacks a substantial connection to this matter and the Court finds this factor is neutral.

The fifth public interest factor, public policy, is neutral. "Patent infringement lawsuits are matters of national concern that . . . do not implicate the public policies of any one forum." *Eagle View Techs., Inc.*, 594 F. Supp. 3d at 625 (internal quotation and citation omitted). Thus, this factor is neutral.

Both parties agree that the sixth public interest factor is neutral. Defs.' Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 10; Pl. Br. in Opp'n of Mot. to Transfer, D.E. 39, at 15. This Court

13

agrees that the familiarity of the trial judge with the applicable state laws does not weigh in either parties' favor, as this is a federal patent case.

In sum, the second public interest factor weighs in favor of transfer, while the rest are neutral. Despite this, however, the second public interest factor still tips the scale in favor of transfer. As noted above, "the pendency of a related or similar case in another forum is a powerful reason to grant a motion for change of venue." *Eagle View Techs., Inc.*, 594 F. Supp. 3d at 623 (citation omitted). The patents-in-suit here are the same patents at issue in the related Delaware cases, and Judge Bryson has been presiding over those matters for several years in the District of Delaware. Defs.' Reply Brief, D.E. 46, at 1. Thus, as a practical matter, transfer is warranted. Additionally, no public interest factor weighs against transfer, thus there is no strong necessity for New Jersey to maintain this matter. For these reasons, the public interest factors favor transfer.

The Court finds that the private and public interest factors favoring transfer outweigh the factors against transferring. The Court therefore holds that Defendants have established transfer is warranted under § 1404(a).

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to transfer this matter to the United States District Court for the District of Delaware [D.E. 17] is granted pursuant to 28 U.S.C. § 1404(a). An appropriate Order accompanies this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: July 2, 2024